[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ARTICULATION
The plaintiff has moved the court to articulate its judgment of May 24, 2001 in connection with his claims of (1) punitive damages and (2) unreimbursed expenses of $14,000.
At the hearing the defendants failed to appear and the plaintiff withdrew the second of his claims, that for unreimbursed expenses of $14,000.
The court notes in the plaintiff's writ and trial brief his request for attorney's fees and interest. Although in Connecticut, punitive damages are rarely allowed for breach of contract, the breach occurred in this case by changing the locks for access to the plaintiff of his place of business effectively locking him out. The factual situation presented in the three (3) counts of the complaint are basically the same, the inducement of the plaintiff to spend his money to set up an office where he and the individual defendant will operate a business under the corporate defendant's name. The lockout of the plaintiff was an intentional and wanton violation of the plaintiff's rights warranting an award for punitive damages. Barry v. Posi-Seal International, Inc.,40 CA 577, 584; Berry v. Loiseau, 223 Conn. 786, 811.
The court finds that just attorney's fees would be allocated to a sum of one-third of the recovery or a sum of $10,000. The plaintiff is also entitled to 10% interest on the amount of the judgment of $29,775.00 from the date of the lockout, June 21, 1999, pursuant to C.G.S. § 37-3a.
For the above reasons, the court clarifies the judgment granted as $29,775.00 plus interest of 10% from June 21, 1999 and attorney's fees of $10,000 plus costs.
Corrigan, JTR